OPINION OF THE COURT
Memorandum.
Order dated June 29, 2005 modified by providing that, upon reargument, that branch of tenant’s motion seeking to vacate the final judgment is denied and final judgment reinstated; as so modified, affirmed without costs.
Order dated August 26, 2005 reversed without costs and motion denied.
On the March 8, 2005 return date of the petition in this nonpayment proceeding, a final judgment was awarded to landlord for possession and the sum of $1,707.02, representing three months’ rent, at $675.03 per month, less a credit to tenant of $314 for a payment made by the Department of Social Services (DSS). Issuance of the warrant was stayed for 10 days so that tenant could seek assistance from third parties to make payment. On April 7, 2005 DSS sent landlord a check for $1,032.74, which landlord accepted and deposited, but which funds landlord subsequently returned. In addition, on April 8, 2005 Westchester Residential Opportunities (WRO) issued a check for the balance of $675.03 owed pursuant to the final *42 judgment. Furthermore, on April 1, 2005, DSS had sent landlord a check for $314 to be applied toward April 2005 rent, which check landlord accepted and never returned. Claiming that the issuance of the warrant had terminated the landlord-tenant relationship, that DSS had not issued payment, and that it was not required to accept partial and late payments, landlord rejected tenant’s tender of the WRO check and the unpaid balance of the April rent. Thereupon, tenant sought relief from the City Court. After initially denying tenant’s application, the City Court (Jo Ann Friia, J.), by order dated June 29, 2005, granted reargument and, upon reargument, vacated the final judgment and warrant and dismissed the petition conditioned on tenant’s re-tender of the arrears within 10 days of service of the order with notice of entry. In granting this relief, the court noted:
“In view of the duration of the rent stabilized tenancy, respondent’s good faith efforts to obtain rental assistance, the lack of willfulness and circumstances of the payment defaults, the impact of ouster upon respondent’s minor child, DSS delays in approving funds to pay arrears, lack of demonstrable prejudice to the petitioner and the longstanding disfavor of forfeiture of a long-term rent stabilized tenancy, the Court will balance the equities and grant the motion to the extent indicated above.”
Tenant timely made the re-tender, but landlord rejected it, now claiming that it was not required to accept checks from anyone other than tenant. Upon a further application by tenant seeking to vacate the final judgment and warrant or, in the alternative, for a stay until landlord accepted the rent, the City Court stayed the proceeding until landlord accepted the rent, finding a past practice by landlord of accepting rent from DSS.
In our view, the City Court properly vacated the warrant for good cause shown for the reasons stated in its June 29, 2005 order (RPAPL 749 [3]; see e.g. J & H Mgt. LLC v Hai, 8 Misc 3d 139[A], 2005 NY Slip Op 51329[U] [App Term, 2d & 11th Jud Dists 2005]; 1058 Bushwick Ave. Corp. v Heard, 7 Misc 3d 133[A], 2005 NY Slip Op 50647[U] [App Term, 2d & 11th Jud Dists 2005]). However, while tenant’s showing of good cause entitled her to possession and provided a basis for vacating the warrant pursuant to RPAPL 749 (3) (which may no longer be issued), it provided no basis for vacating the monetary award in the final judgment (see e.g. Kew Gardens NY, LLC v Saltos, 10 Misc 3d 145[A], 2006 NY Slip Op 50135[U] [App Term, 2d & *43 11th Jud Dists 2006]; Wyandanch Comm. Dev. Corp. v Nesbitt, 2003 NY Slip Op 51017[U] [App Term, 9th & 10th Jud Dists 2003]). Accordingly, we modify the June 29, 2005 order by providing that the branch of tenant’s motion seeking to vacate the monetary award judgment is denied, and the final judgment is reinstated.
With respect to the condition in the order of June 29, 2005 requiring tenant to re-tender the funds within 10 days of service of the order with notice of entry, we find that said condition was complied with, in that, under the circumstances presented herein, a proper re-tender was timely made, and landlord was not within its rights in refusing tenant’s re-tender. In view of the fact that the condition was met, tenant’s subsequent application for relief from the warrant was academic, the warrant having automatically vacated upon tenant’s timely compliance with the court’s order. The branch of tenant’s subsequent motion which sought relief from the final judgment is denied for the reasons stated above with respect to tenant’s earlier motion.
Rudolph, P.J., Angiolillo and Tanenbaum, JJ., concur.